Augustus G. Randall *versus* Jabez Bradbury & *als.*

A written statement, made and signed by the justices before whom a poor debtor disclosed, not purporting to be a record of their proceedings, is not admissible as evidence.

Debt, on a poor debtor's bond. At the trial, before Allen, J. in the District Court, the defendants produced the record of two justices of the peace and quorum, and a certificate that the principal defendant took the oath prescribed, within the time limited in the bond.

The plaintiff then offered a document, signed by the said justices, showing that, at the time appointed for the disclosure only one justice was present and acted, and that he adjourned the hearing to another day, when the other justice was selected; and that then the examination was had, and the oath administered. The defendants objected to the admission of this document, but the Court admitted it as evidence.

The defendants then requested that the jury be instructed to estimate the damages, according to Rev. Stat. chap. 115, § 78.

But the Judge ruled that the provisions of that section were not applicable to the case.

A verdict was rendered for the plaintiff, and the Court assessed the damage, according to the 39th section of said statute. The defendants excepted.

*Hathaway*, for the defendants.

*A. W. Paine*, for the plaintiff.

The document objected to was admissible, as the record of the justices. This kind of evidence has always been admitted, and is indeed a part of the record, of which the defendants have introduced another part.

By this record, it appears that an important defect existed in the proceedings of the justices, which has been held fatal, viz. : —

One justice only having been appointed on the return day, he adjourned the hearing improperly. *Henry* v. *Hamilton*, 24 Maine, 451.

Even, though the other party consented and requested to have it done. *Williams* v. *Burrill*, 23 Maine, 144.

Was the defendant entitled to be heard in damages by the jury, agreeably to the provisions of Revised Statutes, chap. 115, § 78?

This enactment was made to relieve debtors from errors in the proceedings in *two* particulars, viz. : —

1. Where the justices were not both of the *quorum.*

2. Where the *notice* was not in legal form.

For any other errors, no relief is given. As in case of the *selection* of justices, where both were improperly selected by debtor. *Barnard* v. *Bryant*, 21 Maine, 206; *Bunker* v. *Hall*, 23 Maine, 26.

WELLS, J. — The plaintiff alleges that the tribunal, which administered the oath to the debtor, was not properly organized, before an adjournment took place, that only one justice had at that time been selected, and that he had no power to adjourn.

---

A defect in the organization of the tribunal, may be shown by competent evidence. *Williams* v. *Burrill*, 23 Maine, 144.

To prove the want of an organization, a written statement, signed by the justices, not connected with the certificate of discharge, was admitted in evidence.

The statute does not make such statement evidence, it is not testimony under oath, nor does it purport to be a copy of any record made by them. Their statements can have no more validity than those of private persons, unless authorized by law.

The testimony having been improperly admitted, the exceptions are sustained, and a new trial granted.